UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID H.,

        Plaintiff,

  v.                               Civil Action 2:24-cv-1655
                                    Judge Michael H. Watson
                                    Magistrate Judge Chelsey M. Vascura

CIGNA HEALTH AND LIFE
INSURANCE, *et al.*,

        Defendants.

**ORDER**

    This matter is before the Court on Plaintiffs' Motion for Leave to Proceed Anonymously (ECF No. 37), which the Court understands is unopposed.[1] Plaintiffs filed their Complaint on November 22, 2023, in the District of Utah, identifying themselves as David H. and C.H. (ECF No. 1.) C.H. is a minor, and David H. is her father. (*Id.*) The claims in the Complaint arise out of allegations that Defendants, Cigna Health and Life Insurance, Cigna Behavioral Health, and Homeside Financial LLC Benefits Plan, wrongfully denied benefits for C.H.'s mental health treatment for not being medically necessary. (*Id.*)

    Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a

---

[1] Cigna Health and Life Insurance Company and Cigna Behavioral Health conveyed to Plaintiffs' counsel that they do not oppose the Motion; Homeside Financial LLC Benefits Plan did not respond to Plaintiffs' inquiries.

court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

Here, the *Porter* factors support anonymity. Plaintiff C.H. is a child and disclosure of her father's identity could lead to public identification of C.H. Moreover, the allegations involve information "of the utmost intimacy." Plaintiffs claims involve C.H.'s mental health treatment at two facilities, starting from her first diagnosis as a toddler, and C.H.'s ongoing struggles with mental health include a "history of bullying others, stealing, depression, anxiety, habitual lying, having sexual conversations with adult men while a minor, and the concerns of David H. and C.H.'s treating physicians that C.H. could be exploited sexually or otherwise severely harmed if she did not receive medically necessary residential treatment." (Pls.' Mot. 4, ECF No. 37.) Although Plaintiffs are not challenging governmental activity and do not risk criminal prosecution, courts have found similar circumstances to warrant protecting the identity of minor plaintiffs. *See Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Anonymity also protects minors with sensitive mental health histories."); *Bd. of Educ. of*

2

*the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (same). Finally, Defendants will not be prejudiced because it is apparent from the facts alleged in the Complaint that Defendants are already aware of Plaintiffs' identities.

Under the circumstances, the Court finds compelling reasons to protect Plaintiffs' privacy and shield C.H. from discrimination and harassment. Therefore, Plaintiffs' Motion for Leave to Proceed Anonymously (ECF No. 37) is **GRANTED**.

It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiffs shall be identified only as David H. and C.H., respectively. All documents filed with this Court that contain Plaintiffs' names, or contain information that would permit identification of their names, directly or indirectly, shall be appropriately redacted or filed **UNDER SEAL**.[2] If filing under seal, the filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiffs' names from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[2] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.